The opinion of the court was delivered by
Nicholls, C. J.
The present is a petitory action brought by the plaintiffs for the recovery of the ownership find possession of certain property in the possession of the defendant, and the fruits and revenues thereof. They alleged they were the owners of the property by inheritance from their -mother; it having been paraphernal property and the title standing in her name. Plaintiffs referred, in their pleadings, to defendant’s claim of ownership as being predicated upon a certain tax sale, which they averred to be an absolute nullity for reasons assigned. They charged that the defendant had been ah initio a possessor in bad faith, and that he had availed himself of his possession to remove certain buildings from the premises, for the value of which they asked judgment.
The reasons assigned by the plaintiffs for the nullity of the tax sale, were:
Eirst — Tha,t the defendant and the tax collector, of Lincoln Parish, bad entered into a fraudulent conspiracy to get a title to said property, clandestinely, after the assessment roll of Lincoln Parish had been completed, for the purpose of having it .sold for taxes, so that the defendant could, clandestinely, buy it and get title to it.
*2026 Second — The property was not assessed in the name of the proper owner.
Third — The taxes on said property, for the year 1875, had been paid by Mrs. L. T. Pennington, or her legal representatives, and there were no taxes due on said property, either State or parish, at the date of the pretended sale.
Fourth — There was no- legal advertisement or description of the property, nor was the property seized by the sheriff, as required by law.
Fifth- — The property was sold by the sheriff without being legally seized, and without giving any of the legal notices, or complying with any of the requirements of the law, and there was no notice whatever.
That defendant knew that plaintiffs wore minors, and he was a possessor in bad faith.
Defendant answered, pleading, first, the general issue; he averred that the property was bought during the marriage of J. M. Pennington and his wife, Louisa Pennington; that it belonged tol the community between them, and was legally and properly assessed in the name of the husband, J. M. Pennington; that J. M. Pennington was present at the tax sale, and interposed no objection thereto, and was estopped "from subsequently contesting it. He urged the validity of his title, but prayed, in the event of eviction, for judgment in reconvention for taxes paid and improvements made on and disbursements for said property.
He pleaded the prescription of one, two, three, five and twenty years, averring that he had been in actual possession of the property under recorded title, since July, 1877.
The district judge found:
First — That there was no legal notice, such as the law required. A curator ad hoc could not be appointed as the evidence showed that the tax debtor was not unknown to the collector (Sections 1 and 8 of Act No. 47, of 1873, under which the sale was made). Section 1 of that act made notice essential as the first step to be taken by the tax collector, after assessment, and section 8 of the same law provided just as rigid requirements as to delinquent tax payers (Section 8).
If taxes were not paid after this- notice, this section of that act provided that the collector should make a seizure, of the property by recordation in the mortgage office, and the tax collector could proceed to sell on the 4th day after said seizure by recordation. This act made these steps of procedure, by the tax collector, a- basis or warrant for all subse-quent action, and were sacramental (46 Ann., 1482).
*2027 Second — There was no assessment of the property for the years 1873, and 1874, in Lincoln Parish — the years for which the property was sold.
Third — Some part, at least, of the taxes for which the property was-sold were not due, having been legally assessed and paid in the Parish of Bienville (34 Ann., 123, especially page 126).
The district judge was of the opinion that all of the above sacramental requirements were omitted in the making of the sale, and that, the sale was an absolute nullity, and should not stand in the way of recovery of their land by the plaintiffs. The court, accordingly, rendered judgment in plaintiffs’ favor for the recovery of the property and. possession of the same, decreeing the tax title set up by the defendant to be null and void. It further ordered, and adjudged and decreed that as to claims for rent and improvements, set up by plaintiffs and. defendant, respectively, there be judgment of non-suit under reservation of their respective rights.
Defendant appealed to the Court of Appeals.
The court sustained the prescription of three years provided by Act. No. 105 of 1874, which was pleaded by the defendant in bar of plaintiffs’' action, reversed the judgment of the District Court, and rendered judgment against the plaintiffs in favor of the defendant, rejecting their-demand with costs.
Upon plaintiffs’ application this latter judgment was brought up for review, under the provisions of Article 101 of the Constitution of 1898..
The Court of Appeals does not appear to have contraverted the findings of fact of the District Court, or to have passed beyond finding that,, as a fact, the defendant had been in actual, continuous, possession of' the property since July, 1877, under a tax deed made by the proper officer, which recites that the property was sold for the non-payment of taxes on the 14th of December, 1875, in accordance with section 4 of" Act No. 47 of 1873, after complying with all the provisions of the then existing laws.
It was of the opinion, we understand, that under such circumstances-the particular prescription invoked by the defendant barred the action, whether the tax title itself may have been absolutely null or not on the-grounds urged by the plaintiffs. The court erred in giving this broad' scope to Act No. 105 of 1874.
We have very recently had occasion to express.our views on this subject in In Re the Court of Appeals for the Third Circuit, applying to* *2028 .tliis court for instructions, in the matter of LeSeigneur vs. Besson, in .the following language:
“The Court of Appeals is in error in supposing that an adjudicatee, even at a tax sale, strictly such, would necessarily he protected from a recovery of the property adjudicated in a petitory action by the party ■owning the property at the time of the adjudication by the prescription of three years, because the tax purchaser had, after the sale to him, taken actual possession of the property and held it for three years.
“Whether he would be so protected would depend upon the character ■of the sale or adjudication made to him. If the sale should have been of a character such as to be absolutely null and void, and to entitle and .authorize the original owner to ignore it and bring a direct petitory .action to recover the property, the prescription of three years would not apply, but if the adjudication was only subject to attack for relative nullities, and that fact should be developed on the trial of the case, the plaintiff’s direct petitory action would fail, as the prescription of three years would bar an attack upon the tax title, and it would stand as a barrier blocking the way for a petitory action.
“Assuming that certain property had been legally forfeited to the 'State for taxes, it would by no means necessarily follow that a subsequent purchaser from the State, who, under the sale, had taken actual possession of property, and held it for over three years, would be protected by the prescription of three years from a recovery in a petitory action of the same, by the party owning it at the time of the forfeiture.
“If, for instance, subsequently to the forfeiture and prior to the sale to the third person the taxes had been paid by, or for, the owner, or the property had been redeemed by, or for, him, the sale by the State would have been made without any right or authority, and would convey no title to its vendee.
“The vendee, under such circumstances, would not hold under a ■direct tax adjudication to him, but under a sale made by the State, as an owner of property, which really did not belong to it, but to a third person.
“The prescription of three years would not be applicable to such a 'condition of affairs.”
The action of tie Court of Appeals in this matter was based upon an 'erroneous construction of law and can not be sustained, and should *2029 some of the grounds assigned for the absolute nullity of the tax sale be established, plaintiffs’ action will not be barred by the prescription of three years. Wilbert vs. Michel, 42 Ann., 853; Gill vs. Clark, 42 An., 921; May vs. Witkowski, 46 Ann., 1482; Hodding vs. City, 48 Ann., 982.
Eor the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment of the Court of Appeals, brought up herein for review, be and the same is hereby annulled and avoided and reversed, and matters are replaced in the Court of Appeals in. the situation they were just before the said judgment was rendered; and it is further ordered, adjudged' and decreed that the cause be remanded to the Court of Appeals, to be by it examined and decided on the whole record as it was brought on appeal before it, in conformity with the views herein expressed.